HARDY, Judge.
This is an action for workmen’s compensation and the defendant employer appeals from a judgment awarding compensation for total temporary disability not exceeding 300 weeks. Plaintiff has answered the appeal praying the amendment of the judgment to provide payment of compensation as for total permanent disability for a period of not more than 400 weeks.
The only issue tendered by this appeal is purely factual and involves a determination as to the extent of plaintiff’s disability.
Plaintiff, employed as a pick-up truck driver requiring him to deliver, load and unload items of freight weighing up to approximately 180 pounds, sustained an injury to his back on March 24, 19S8; after reporting his injury plaintiff was treated for a period of some three weeks, more or less, by Dr. Gilchrist, an osteopathic physician, upon whose advice he returned to work on April 13th, performing his duties, despite severe back pain, until April 15th, on which date the pain in his back caused him to drop a grader blade on his foot, causing injury to that member, for which he was treated by Dr. J. R. Brown. Plaintiff contended that, although continuing to experience severe pain in his back and foot, he attempted to return to work on April 20th, but was reprimanded and discharged for failure to properly report the injury to his foot. Plaintiff’s claim is predicated upon the contention that he has suffered total, permanent disability by reason of the injury to his back, which prevents him from the performance of the work of handling heavy objects, in which he was engaged at the time of the accident.
This is a case which must be resolved upon the basis of the medical testimony, for we think there can be no possible doubt as to the occurrence of the accident of March 24th, which resulted in some nature and degree of injury to plaintiff’s back.
The nature of plaintiff’s injury clearly falls within the field of orthopedic specialization, and we have therefore carefully considered the testimony of the orthopedic specialists who testified on trial, namely, Dr. D. F. Overdyke, Jr., a witness for plaintiff, Dr. Willis J. Taylor, a witness for defendant, and Dr. Ray E. King, appointed by the court on motion of counsel for defendant, who testified on behalf of defendant.
Plaintiff first consulted Dr. Overdyke on May 23, 1959, and was still under his treatment at the time of trial in November of 1959. Dr. Overdyke found that plaintiff had sustained an injury to his back which, superimposed upon what he designated as a developmental weakness, resulted in disability. This witness was positive in his opinion that plaintiff could not return to duties involving lifting of heavy objects without suffering pain and dis *646 comfort and that he should not attempt this nature of work except upon a “work or starve” basis.
Dr. Taylor’s testimony was that he found no objective evidence of injury or disability at the time of his examination of plaintiff in October of 1959. It was the conclusion of Dr. King, the court appointed expert, who made an examination of plaintiff in the latter part of October, 1959, that while he found no clinical evidence of pain, he believed plaintiff to have been suffering discomfort and pain at the time of the examination.
The weight of the testimony of the medical experts above named appears to us to preponderate in favor of plaintiff’s claim of pain and discomfort. Certainly Dr. Overdyke had the best opportunity, by reason of continued examinations over a considerable period of time, to evaluate the nature and extent of plaintiff’s disability, and he had no hesitancy in expressing the opinion that plaintiff should never again attempt manual labor involving lifting of weights in excess of maximum limits of 40 to 60 pounds.
We find no justification for a conclusion of manifest error in the finding of the trial judge as to plaintiff’s disability.
Proceeding to a consideration of plaintiff’s answer to the appeal, it must be observed that the general rule established by our jurisprudence requires a finding of permanent disability in those cases in which a claimant is found to be incapacitated at the time of trial and no definite period of recovery is established. The last consideration given to this issue by this court is found in Powell v. Travelers Ins. Co., 117 So.2d 610.
For the reasons assigned the judgment appealed from is amended by providing that the compensation awarded shall continue for the duration of plaintiff’s disability not exceeding 400 weeks, and as amended, the judgment appealed from is affirmed, at appellant’s cost.